Day, J.
These two cases in error, Nos. 268 and 276, grow out of an appropriation proceeding, which had its beginning in the probate court of Crawford county, and was instituted by the Ohio' Postal Telegraph Cable Company to appropriate, by virtue of the provisions of sections 3456-9, Revised Statutes, the right to erect and maintain a line of telegraph on and along the right of way of the C. C. C. & St. L. Railway through this state, from Berea to Union City. The two cases were submitted together on the petitions in error, and a motion, in No. 268 to strike the bill of exceptions from the files and dismiss, and in No. 276 to dismiss the petition in error, for the reasons that the bill of exceptions was not perfected and secured according to law, and that in No. 276 there was not filed with the petition in error, within four months of the rendition of the judgment' sought to be reversed^ “such original papers or transcripts *556 thereof as are necessary to exhibit the error complained of,”" as required by section 6716, Revised Statutes.
The cases are disposed of on the motions; a sufficient statement of the facts to exhibit the grounds of the court’s action,, and perhaps to justify it, is as follows:
Certain preliminary questions, jurisdictional in their character, were for disposition by the probate court, before a jury could be called to determine the compensation to be paid. The-telegraph company in its application represented that it was an Ohio corporation; that it was necessary to make the appropriation, etc. The railroad company joined issue on all the propositions. A trial was had to the court, evidence pro and con was heard and a decision and judgment, on such preliminary-questions, favorable to the telegraph company, was given on-the 16th day of January, 1900. On March 3, 1900, the railway-company filed a motion for a new trial of said preliminary questions on the ground that the finding and decision was not sustained by the evidence, and because of error in admitting- and rejecting evidence on the hearing. This motion was overruled March 29, and on April 23, 1900, a bill of exceptions-containing all the evidence arid the various rulings of the court, as to the admissibility of evidence, was signed and ordered' made a part of the record. After the decision and judgment, in favor of the telegraph company on the preliminary and jurisdictional questions, the case was tried to a jury on the question of compensation and damages necessary to be paid to the-railway company by the telegraph company for the rights appropriated, resulting in a verdict for the railway company of more than $6,000. A motion for new trial was overruled by-the probate court and judgment given on the verdict. The telegraph company took a bill of exceptions and prosecuted error-to the court of common pleas, to obtain reversal of the judgment in the matter of compensation and damages. The railway company filed its bill of exceptions taken in the preliminary-matter and filed a cross-petition in error in the case in the-common pleas court. On motion of the telegraph company the bill of exceptions of the railway company was stricken from the files and the cross-petition in error ■ dismissed by the common pleas court, and .to this order the railway company pro'secuted error, filing the original papers in the case, transcript of *557 the journal and docket entries, with a petition in error in the •circuit court. The appearance of defendant in error was •effected, and that is ease No. 268 on the circuit court docket. The cross-petition in error thus disposed of, the case came on •for hearing and was heard on the petition in error of the telegraph company. Error was found in the proceeding of the piobate court and its judgment as to compensation and damages reversed and the matter set down for trial in the common pleas court. Trial was had to a jury and a verdict rendered in favor of the railway company for $500. A motion for new trial made by the railway company was overruled and judgment given on the verdict. The railway company not content with the disposition made of its case, secured a bill of exceptions containing all the evidence had on the trial, the rulings •of the court on the admissions óf evidence and the charge of the court to the jury, and filed it here on May 11, 1901, with a ■petition in error pointing out many alleged errors occurring •at the trial. Transcripts of the docket and journal entries were also filed within four months of the judgment. No transcripts of the original papers were ever filed, but the clerk of courts, within four months after the judgment was procured, "by counsel for the railway, to place upon the original papers filed in case No. 268, indorsements as follows: “Filed May 31, 1901,” “Circuit Court 276.” This last named proceeding is case No. 276.
In case No. 268 all questions of error assigned, arise on the record, as constituted and made up by regarding the bill of exceptions as part of it, and it’follows of necessity, if a bill of ex•ceptions was not secured in conformity to the provisions of law, the questions sought to be reviewed were not brought into the record, and the lower court was right in disposing of the cross-petition in error, and its judgment will per force have to be affirmed. Then the question first presented here is the one: Did the railway company secure a bill of exceptions, under the provisions of law, on the trial of the preliminay questions In the probate court. That trial was. had and decision given January 16, 1900. A motion for a new trial was filed March 3rd, overruled March 29th, and a bill of exceptions allowed April 23, 1900. The issues joined were of fact and concerned the right of the telegraph company to institute and main *558 tain the proceeding at all; and a motion for new trial, if overruled and exceptions taken to the ruling, was necessary in order to review the decision on the weight of the evidence, and we think it was necessary on the authority of Ide v. Churchill, 14 Ohio St., 372 and other decisions sustaining that view. Such motion is required, by the provisions of section 5307, Revised Statutes, to be filed within three days after the decision was rendered. In this instance the motion was not filed within three days and not until the 46th day after the decision, and could not properly be considered or acted on by the probate court. Not having filed its motion for new trial within the time fixed by law, the railway company is held to have waived its right to move for a new trial; and the subsequent filing was of no avail, nor was the ruling thereon of any avail.
In this state of fact appearing on the record, we are compelled to the conclusion that the railway company secured no proper legal bill of exceptions, and failing in that, the cross-petition in error was properly dismissed, and we affirm the judgment.
As to case No. 276, same parties as in case No. 268, just now disposed of; it is intended to secure a reversal of the judgment of the court of common pleas rendered on the further trial of the case, in relation to compensation for the property rights of the railway company appropriated in the proceeding. The petition in error was filed in this court May 11, 1901. A transcript of the docket and journal entries and a bill of exceptions was filed May 31, 1901. As we have seen, the original papers in the appropriation proceeding were filed in case No. 268 in error, marked “'Filed January 21, 1901,” “Circuit Court No. 268.” Transcripts of the original papers are provided 'for by section 6716, Revised Statutes; but the railway company did not see fit to avail itself of this provision, and instead of filing transcripts, it procured the original papers, filed in No. 268, to be marked “Filed May 31, 1901,” “Circuit Court No. 276.” And that is as near as plaintiff in error came to filing in case No. 276 “Such original papers or transcripts thereof as are necessary to exhibit the error complained of,” as required by the provisions of section 6716, Revised Statutes. That section provides: “The plaintiff in error shall file with his petition, either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or tran *559 scripts thereof as are necessary to exhibit the error complained of”; * * *. It has been held that these requirements are mandatory and essential to be complied with, in order to accomplish the commencement of an action in error. It is not necessary that they be all filed at one time. The filing may be at different times; but they must all be filed within the time fixed as a limitation for the commencement of actions in error, which now is within four months after the rendition of the judgment complained of. See Bartoon v. Bank, 14 C. C., 450, Townsend v. Harris, 53 Ohio St., 398.
B. A. Boote & H. D. Bstabrook, for Plaintiff in Error.
Henry & Robert Newbegin, B- J. Loesch, for Defendant in Error.
The four months limitation having fully run, and more than run, it is now too late to file; so that the question is squarely presented for the determination of this court: Did the plaintiff in error, by the steps taken by it, accomplish and has it now pending, an action in error in this court ? The proper answer to the question depends altogether upon the proposition as to whether it filed the original papers in case No. 276. No transcript of the original papers was filed or attempted to be filed. The only thing done, was, as I have said, to procure an indorsement on the papers already on file in case No. 268 of “Circuit Court No. 276,” “filed May 31, 1901.” We are of opinion the indorsement did not have the effect to place the papers on file in case No. 276. They are part of the files in the other case, were in the custody and control of the court, and could not properly be withdrawn from the files except upon leave of the court.
The papers were found on file in case No. 268 by this court, and as they do not possess the quality of ubiquity, it would seem to be physically impossible for them to be found in two separate and distinct places — in cases No. 268 and No. 276 at the same time. The effect to perform such a miracle, was of course, innocent and harmless, and we think entirely failed to. place the original papers among the files of this case.
If this is correct, plaintiff in error, in failing to comply with the provisions of section 6716, Revised "Statutes, did not succeed in commencing an action in error; and on authority of Bartoon v. Bank, 14 C.C., 405, the petition in error is dismissed at cost of plaintiff in error.